BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -4 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE MT. VERNON, ILLINOIS, TIMES SQUARE     )
SHOPPING CENTER CONTRACT DISPUTE LITIGATION )     DOCKET NO. 219

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

  This litigation involves two actions in two different
districts:  one in the Eastern District of Missouri and the other
in the Eastern District of Illinois.  Both actions arise from
a dispute between an owner and its general contractor over the
construction of four stores that collectively form a shopping
center project known as the Times Square Mall Shopping Center.
One of the parties, Commercial & Investment Builders, Inc.
(hereinafter referred to as CIB), moves the Panel for an order
transferring the Missouri action to the Eastern District of
Illinois for coordinated or consolidated pretrial proceedings
pursuant to 28 U.S.C. §1407.  Times Square Investment Corpora-
tion (hereinafter referred to as TSIC) opposes CIB's motion
to transfer or, in the alternative, maintains that the Illinois

_____

 *  Judge Murrah did not participate in the consideration or
decision of this matter.

- 2 -

action should be transferred to the Eastern District of Missouri.
We find insufficient basis for transfer under Section 1407 and,
accordingly, deny the motion.[1]

Between 1972 and 1973, CIB, as a general contractor,
entered into four contracts with TSIC for the construction of
four stores owned by the latter -- Carp's Store, Super-Valu Store,
Mammoth Store and the Mall area shops. All the proposed stores
were to be erected in the Times Square Mall Shopping Center,
located in Mt. Vernon, Illinois. In addition, St. Paul Fire &
Marine Insurance Co. (hereinafter referred to as St. Paul), as
surety, and CIB, as principal, executed completion bonds in favor
of TSIC as obligee on the Mammoth Store and Mall area shops con-
struction projects. TSIC employed Daniel I. Karlin & Associates
as the architects for these two endeavors.

In 1974, when construction of the Carp's Store was sub-
stantially completed, TSIC terminated its relationship with CIB
regarding the Super-Valu Store, the Mammoth Store and the Mall
area shops projects. TSIC alleges that this termination was in
accordance with the contracts and precipitated by CIB's previous
breach of contract. To the contrary, CIB alleges that TSIC's act
of termination was a unilateral breach of contract.

Subsequent to TSIC's act of termination, CIB filed
a claim for a mechanic's lien in Illinois state court on the ground

---

[1] The parties waived their right to oral argument and, pursuant
to R.P.J.P.M.L. 14, 65 F.R.D. 253, 264 (1975), the question
of transfer of these actions under Section 1407 was
submitted for decision on the briefs.

- 3 -

that it "performed" the contracts in Illinois.  CIB alleges that
TSIC owed it $130,960.84 for work completed on all four contracts
before TSIC breached the three contracts.  CIB later commenced
an action to enforce its mechanic's lien in federal court in
the Eastern District of Illinois.

Shortly thereafter, TSIC sued CIB and St. Paul for
$1,137,240.00 in Missouri state court for the purpose of enforcing
the terms of the completion bonds furnished on the Mammoth Store
and the Mall area shops contracts.  Missouri was chosen for the
institution of this action because this is where the contracts
were "executed."  The action was later removed to federal court
in the Eastern District of Missouri.  Subsequent to this action's
removal, a third-party claim was filed by St. Paul against
Daniel I. Karlin, Daniel I. Karlin & Associates and certain
indemnitors.

Movant CIB contends that transfer is necessary because
the completion bond action pending in Missouri and the mechanic's
lien action in Illinois share common factual issues relating to:
(1) whether the termination of the three contracts constituted
breach of contract by TSIC, or whether the termination was proper
because of CIB's prior breach of contract; (2) the value of
the work completed by CIB before TSIC's termination of the three
contracts; and (3) the cost to TSIC of completing the work CIB
left unfinished.  Accordingly, movant argues that transfer will
prevent duplicative discovery on these common factual questions
and avoid unnecessary inconvenience to the litigants and their
witnesses.

- 4 -

We are not persuaded that Section 1407 treatment of
this particular litigation would serve the convenience of
the parties and witnesses and promote its just and efficient
conduct.  Only two relatively simple contract actions are before
us.  And movant has failed to demonstrate that they raise common
factual questions complex enough to warrant transfer.  See
In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544
(J.P.M.L. 1969).  Moreover, an analysis of the docket sheets in
the Missouri action reveals that discovery therein is well
advanced and that the court has set the action for trial on
December 15, 1975.  When only a small number of actions are being
considered for transfer under Section 1407, the imminency of trial
of one of those actions, as is the case here, is an additional
factor weighing against the institution of coordinated or
consolidated pretrial proceedings.  See In re Disposable Diaper
Patent Validity Litigation, 362 F.Supp. 567, 568 (J.P.M.L. 1973).

Finally, if any of the parties is sincerely interested
in avoiding duplication of discovery, he may seek an order from
the Illinois court asking all parties to show cause why discovery
previously completed in the Missouri action should not be made
applicable to the Illinois action.  Cf. Manual for Complex
Litigation, Parts I and II, §§ 3.11 (rev. ed. 1973).

IT IS THEREFORE ORDERED that the motion pursuant to
28 U.S.C. §1407 for transfer of the actions listed on the
following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A                                          DOCKET NO. 219

### EASTERN DISTRICT OF MISSOURI

Times Square Investment Corp. v. Commercial
& Industrial Builders, Inc. v. General              Civil Action
Construction Corp., et al.                          No. 74-844C (1)

### EASTERN DISTRICT OF ILLINOIS

Commercial & Industrial Builders, Inc. v.           Civil Action
Times Square Investment Inc., et al.                No. 75-4-042